IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:
Christopher A. Kim                     :   Case No.19-24642-CMB
                                       :   Chapter 13
        Debtor(s)                      :   Related to Document 58

### ORDER OF COURT CONFIRMING PLAN AS MODIFIED AND SETTING DEADLINES FOR CERTAIN ACTIONS

**(1.) PLAN CONFIRMATION**:

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated 2/29/20 is CONFIRMED as modified at hearing on March 25, 2020. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. Only those provisions which are checked below apply to this case:

■    A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $5,648 as of 04/20. Debtor(s)' counsel shall file a motion to amend the income attachment order (to the extent the plan is funded by wage attachment) within seven (7) days of the date of this Order.

☐    B.    The length of the Plan is increased to a total of _____ months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

■    C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. A final plan conciliation conference will be held on **June 11, 2020 at 2:30 p.m., in Room 3251 US Steel Tower, Pittsburgh, PA 15219. The conciliation previously scheduled for 4/9/20 (at Doc 47) is cancelled**. If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation
conference.

☐    D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under 11 U.S.C. §506, disputes over the amount and allowance of claims entitled to priority under 11 U.S.C. §507, and all objections to claims.

☐    E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐    F.    _____ shall be paid monthly payments of $_____ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to its administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

■    G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim:
(i)     Capital One Auto (Cl#7);
(ii)    Allegheny County (Cl#16);
(iii)   North Allegheny SD (Cl#9);
(iv)    Pa Rev (Cl#6); and
(v)     PNC Bank (Cl#17).

■    H.    Additional Terms:
(i)     Huntington National Bank (Cl#1-2) will govern as to arrears, with payment per plan as long term continuing debt;
(ii)    Toyota Motor Credit will be paid per stipulated order entered 2/7/20 at Doc 44; and
(iii)   The estimated pool of funds available to be paid to general unsecured creditors and estimated percentage dividend are revised to $26111.41 (100 %).

**(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED**:

A.    Objections to the Plan. Pursuant to Fed.R.Bankr.P. 2002(b), this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon its entry.
B.    Applications to retain brokers, sales agents, or other professionals. If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.
C.    Review of Claims Docket and Objections to Claims. Pursuant to W.PA.LBR 3021−1(c)(2), the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.
D.    Motions or Complaints Pursuant to §§506, 507 or 522. All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to 11 U.S.C. §§506, 507 and 522 shall be filed within ninety (90) days after the claims bar date.

E.      Filing Amended Plans. Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

**(3.)    IT IS FURTHER ORDERED THAT**:

A.      After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to 11 U.S.C. §1322(b)(2), nothing in this Order shall be construed to change the payment terms established in the Plan.

B.      Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

C.      Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

D.      Debtor's counsel must file a fee application in accordance with W.PA.LBR 2016−1 before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

E.      The Trustee shall file a Certificate of Default and Request for Dismissal of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an Affidavit of Default by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

F.      In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any secured claim that is secured by the subject property, unless directed otherwise by further Order of Court.

Date: _____                              _____

                                                                  U.S. Bankruptcy Judge