# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Christopher Kim ) | |
| _____ ) | |
| Christopher Kim ) | Case No. 19-24642-CMB |
| Debtor/Movant ) | Hearing Date  4/15/20  @ 10:00am |
| ) | responses due by 3/23/20 |
| v. ) | Chapter 13 |
| Ronda Winnecour ) | RAB-1 |
| Trustee/Respondent ) | Filed under Local Bankr.  re doc. 51 |
| ) | Rule 9013.4  6(a) |

### ORDER OF COURT                    ENTERED BY DEFAULT

AND NOW, this ___25th___ day of __March__, 20_20_ upon consideration of the *DEBTOR'S APPLICATION FOR ORDER OF EMPLOYMENT OF SPECIAL COUNSEL* it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. David Ainsman, Esquire of Ainsman Levin is hereby appointed as Special Counsel for the Estate/Debtor pursuant to the terms (including compensation terms) described in the Fee Agreement attached to the above referenced motion/application for the limited purpose of acting as attorney in connection with the interest in the Estate/Debtor in prosecuting the a claim against the defendant giving rise to the Debtor's claim for Personal Injury as referenced to in the foregoing motion/application, provided however, no settlement of any claim is to occur without prior Court Order after notice and hearing.

2. Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well including: the time and labor reasonably required by legal counsel, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or circumstances, the experience, reputation and ability of the attorney(s) involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

3. Approval of any application for appointment of counsel in which certain hourly rates/compensation terms are stated for various professionals is not an agreement by the Court to allow fees at the requested hourly rates or compensation terms. Final compensation, awarded only after notice and hearing, may be more or less that the requested hourly rates/compensation terms based on application of the above mentioned factors in granting approval by Court Order.

4. *Applicant shall serve the within Order on all interested parties and file a certificate of service.*

Case Administrator to mail to:
Debtor
Counsel

_____
Carlota M. Böhm                    dmk
Chief United States Bankruptcy Court Judge

FILED
3/25/20 12:48 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

United States Bankruptcy Court
Western District of Pennsylvania

In re:
CHRISTOPHER A. KIM
    Debtor

Case No. 19-24642-CMB
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0315-2      User: dsaw      Page 1 of 1      Date Rcvd: Mar 25, 2020
                Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 27, 2020.
db         +CHRISTOPHER A. KIM,   2000 CREEKVIEW CIRCLE,   APT 2314,   CRANBERRY TWP, PA 16066-1128

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                            TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 27, 2020                                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 25, 2020 at the address(es) listed below:
        James Warmbrodt    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
        Jeffrey R. Hunt    on behalf of Creditor    County of Allegheny jhunt@grblaw.com, cnoroski@grblaw.com
        Jennifer L. Cerce    on behalf of Creditor    North Allegheny School District jlc@mbm-law.net
        Karina Velter    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION amps@manleydeas.com
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
        Russell A. Burdelski    on behalf of Debtor CHRISTOPHER A. KIM atyrusb@choiceonemail.com
        S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com, Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com
        Wade T. Doerr    on behalf of Creditor    The Huntington National Bank wade@nwm-law.com
                                                                                                  TOTAL: 9